UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thaddeus A. Fletcher, ) | C/A No. 4:05-cv-00098-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| John R. Simpson, Chairman, U.S. Parole ) | |
| Commission, Otis Thomas, Examiner, ) | |
| U.S. Parole Commission; Michael Green, ) | |
| Director & Chairman, D.C. Parole Board, ) | |
| and G. Maldonado, Jr., Warden, ) | |
| ) | |
| Defendants. ) | |

Petitioner, Thaddeus Fletcher, ("petitioner/Fletcher"), is an inmate in the custody of the Federal Correctional Institution (FCI) at Estill.[1] Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[2] on March 31, 2003, in the District of Columbia (C/A: 03-0823). In his petition, petitioner challenges a decision of the United States Parole Commission reached after the Commission reopened his case to recalculate his salient factor score in the District of Columbia. The United States filed a motion to transfer the case to the United States District Court of South Carolina, the district in which petitioner is confined. Petitioner opposed the motion.

---

[1] According to respondents, Gerlado Maldonado is no longer assigned as the Warden for FCI Estill. The current warden is Matthew Hamidullah and respondents argue that he should be substituted for Warden Maldonado. The undersigned agrees.

[2] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

-1-

However, Judge John D. Bates, United States District Judge for the District of Columbia Ordered the case transferred to the District of South Carolina. Therefore, the file was received from the District of Columbia on January 12, 2005. Respondents filed a motion to dismiss, or in the alternative, a motion for summary judgment, along with supporting memorandum on March 7, 2005. (Doc. # 4). The undersigned issued an order filed March 8, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion to dismiss and motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On April 11, 2005, petitioner filed a response. (Document # 6).

In the transfer order, Judge Bates found that petitioner challenges a decision of the United States Parole Commission reached after the Commission reopened his case to recalculate his salient factor score. Additionally, Judge Bates notes that petitioner had filed a motion to dismiss this case without prejudice, stating that he did not wish to pursue this case until the Court ruled on his earlier petition for habeas corpus C/A: 01-2058 filed in the District of Columbia. Judge Bates found that because the previous petition C/A: 01-2058 had been decided at that point, petitioner's motion to dismiss this petition was denied.

However, petitioner appealed the ruling in the previous petition C/A: 01-2058 and, subsequent to Judge Bates' Order of Transfer, the United States Court of Appeals, District of Columbia Circuit, decided the appeal on January 6, 2006, and reversed and remanded the case back to the District Court for the District of Columbia. See Fletcher v. Reilly 2006 WL 27665 (D.C. Cir.).

In their motion for summary judgment, respondents assert that petitioner "has already litigated the issue regarding his release date in a prior application for writ of habeas corpus in the

U.S. District Court for the District of Columbia in <u>Thaddeus Fletcher v. Edward F. Reilly, Jr.</u>, C/A: 01-2058. Mr. Fletcher's petition was denied." (Memorandum p. 7). Respondents argue as follows:

> The arguments that Mr. Fletcher presents in this petition are merely a reformulation of the same arguments he presented to the U.S. District Court of the District of Columbia. The issues raised in the instant petition were fully and fairly litigated in the District of Columbia case. On November 23, 2003, the District of Columbia denied the petition. The Court determined that the Commission applied the correct guidelines to Mr. Fletcher's case. It also determined that Mr. Fletcher was incorrect in his contention that he was only required to serve 24 months under the D.C. Board rules. Moreover, the court determined that the Commission correctly considered Mr. Fletcher's conviction for assault with intent to murder and that his offense was "accurately described as attempted murder within the context of the reparole guidelines." Contrary to Mr. Fletcher's claim, the Commission was not required to provide him with a second parole revocation hearing since the D.C. Board of Parole already revoked his parole.
>
> If the Court finds that Mr. Fletcher has stated a new claim not covered by the earlier habeas litigation, this Court still lacks jurisdiction because Mr. Fletcher would have been required to present the claim in his earlier petition in the District of Columbia. His failure to do so constitutes an abuse of the habeas writ. <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991).

(Memorandum p. 9-10).

However, as stated above, the Court of Appeals has now reversed and remanded the petition in <u>Thaddeus Fletcher v. Edward F. Reilly, Jr.</u>, C/A: 01-2058. See <u>Fletcher v. Reilly</u> 2006 WL 27665 (D.C. Cir.). Based on this fact, the undersigned finds that this petition should be statistically stayed in that he has a current pending habeas petition in the District of Columbia pertaining to the same subject matter. See <u>St. Louis Baptist Temple, Inc. v. FDIC.</u>, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a

direct relation to matters at issue); United States ex rel. Geisler v. Walters, 510 F.2d 887 (3rd Cir. 1975)(same); Rhodes v. Houston, 309 F.2d 959 (8th Cir. 1963)(same).

## CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that this habeas petition be statistically stayed until the United States District Court for the District of Columbia makes a ruling on the habeas petition already pending in that court in that the subject matter of both petitions are basically the same.

        Respectfully Submitted,

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

February 6, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
